Case: 3:06-cv-00654-bbc Document #: 9 Filed: 01/31/07 Page 1 of 11

Document Number 009
Case Number 06-C-0654-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
01/31/2007 02:13:34 PM CST

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

READY FIXTURES COMPANY,
MICHAEL S. POLSKY, RECEIVER,

                Plaintiff,                 Case No. 06-C-654-C

   v.

STEVENS CABINETS, INC. D/B/A
STEVENS INDUSTRIES, INC,

                Defendant.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

On May 13, 2005 Ready Fixtures Company ("Assignor") filed an Assignment for the Benefit of Creditors in Washburn County Circuit Court ("Petition Date") under Chapter 128, Wis. Stats. (the "Assignment Statute"). Michael S. Polsky ("Receiver") was appointed the Receiver of the assets of Assignor on the Petition Date.

On or about September 21, 2006 Receiver commenced suit in Washburn County Circuit Court against the Defendant under the preference provisions of the Assignment Statute, Wis. Stat. § 128.07 (the "Preference Action"). The Complaint alleges that Assignor made transfers on account of an antecedent debt to Defendant within the four months preceding the Petition Date. The Complaint further alleges that Assignor was insolvent at the time of the transfers, that the transfers enabled Defendant to obtain a greater percentage of its debt than other creditors and that Defendant had reasonable cause to believe that the transfers would effect a preference. The Receiver seeks to avoid the transfers under the provisions of Wis. Stat. § 128.07(2). The Receiver does not allege that the transfers failed to satisfy bona fide debts that Assignor owed to

the Defendant, nor does he allege that the transfers were made to hinder, delay or defraud creditors.  The sole basis for the Receiver's claims under Wis. Stat. § 128.07(2) is that the transfers enabled Defendant "to receive a greater percentage of his or her debt than any other creditor of the same class."

Defendant removed the Preference Action to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1441.  Defendant now moves to dismiss the Preference Action complaint on the ground that Wis. Stat. § 128.07 is preempted by the United States Bankruptcy Code (11 U.S.C. § 101, et. seq.), enacted pursuant to the Bankruptcy Clause of the United States Constitution (U.S.Const. Art. I, Sec. 8, Cl. 4).

## RELEVANT PROVISIONS

U.S. Constitution Article 1, Section 8, Clause 4:  The Congress shall have power….  To establish…uniform laws on the subject of bankruptcies throughout the United States;

Wis. Stat. § 128.07.  Preferred creditors.

(1)     Definitions.  In this section:

  (a)     A person shall be considered to have given a preference if, being insolvent, the person has made a transfer of any of his or her property, or has procured or permitted a judgment to be entered against him or her in favor of any other person, and the effect of the transfer or the enforcement of the judgment will be to enable any creditor to obtain a greater percentage of his or her debt than any other creditor of the same class.

  (b)     "Recipient" means a person who receives a preference, or benefits from a preference, or that person's agent.

  (c)1.     "Transfer" means any of the following, whether made absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gifts, security or otherwise:

    a.     The sale or other disposal of or parting with property, an interest in property or the possession of property.

…

(2)     If the debtor has given a preference within 4 months before the filing of a petition, or an assignment, after the filing of the petition and before the appointment of a receiver, or after

the filing of an assignment and before the qualification of the assignee, and the recipient has reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference, the judgment shall be voidable by the receiver or assignee, and the receiver or assignee may recover the property or its value from the recipient.

…

> 11 U.S.C. § 547. Preferences.

…

>  (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>
>    (1) to or for the benefit of a creditor;
>
>    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>    (3) made while the debtor was insolvent;
>
>    (4) made--
>
>       (A) on or within 90 days before the date of the filing of the petition; or
>
>       (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>    (5) that enables such creditor to receive more than such creditor would receive if--
>
>       (A) the case were a case under chapter 7 of this title;
>
>       (B) the transfer had not been made; and
>
>       (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
>
>  (c) The trustee may not avoid under this section a transfer--
>
>    (1) to the extent that such transfer was--
>
>       (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

    (B)  in fact a substantially contemporaneous exchange;

 (2)  to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee and such transfer was--

    (A)  made in the ordinary course of business or financial affairs of the debtor and the transferee; or

    (B)  made according to ordinary business terms;

 …

 (4)  to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor--

 …

 (9)  if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,000.

 …

## WISCONSIN STATUTE § 128.07 IS PREEMPTED BY THE UNITED STATES CONSTITUTION

The federal preemption doctrine is derived from the Supremacy Clause of Article VI of the United States Constitution which provides that the Constitution and the laws made pursuant to it are the supreme law of the land. Accordingly, "any state law, however clearly within a state's acknowledged power, which interferes with or is contrary to federal law, must yield." *Felder v. Casey*, 487 U.S. 131, 138 (1988). Preemption of a state law can either be explicit or implicit in a federal law. *Gade v. Nat'l. Solid Waste Manag. Assoc.*, 505 U.S. 88, 98 (1992). In the absence of explicit language there are two forms of "implied preemption" Id. "Field preemption" is where the " 'scheme of federal regulation is so pervasive as to make reasonable the inference that Congress has left no room for the states to supplement it,' " Id. (See *Fid. Fed. Sav. & Loan Assn. v. de la Cuesta*, 458 U.S. 141, 153 (1982), and "conflict preemption" is where compliance with both federal and state law " 'stands as an obstacle to the accomplishment and

the execution of the full purposes and objectives of Congress.' " (*Gade*, 505 U.S. 88 at 98 (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)).

Chapter 128 of the Wisconsin Statutes entitled "Creditors Actions" includes codification of a voluntary assignment for the benefit of creditors which has its origins in the common law right to dispose of one's private property as one sees fit. *Pobreslo v. Boyd*, 287 U.S. 518, 524 (1933). ("Right to make a voluntary assignment for the benefit of creditors is a personal right inherent in the ownership of property, and existed at common law independent of the [bankruptcy] statute.") Chapter 128 of the Wisconsin Statutes was enacted in 1937. Wis.L. 1937, C. 431, St. 1937, § 128.01, et seq. This chapter of Wisconsin law was drawn from the provisions of the Bankruptcy Act of 1898, 30 Stat. 544 ("1898 Bankruptcy Act"). The provision forming the basis of the Complaint in this action is the Wisconsin preference statute. Section 128.07, Wis. Stats. currently provides, in relevant part:

> **128.07 Preferred creditors.** (1)(a) A person shall be considered to have given a preference if, being insolvent, the person has made a transfer of any of his or her property, or has procured or permitted a judgment to be entered against him or her in favor of any other person, and the effect of the transfer or the enforcement of the judgment will be to enable any creditor to obtain a greater percentage of his or her debt than any other creditor of the same class.
>
> (2) If the debtor has given a preference within 4 months before the filing of a petition, or an assignment, after the filing of the petition and before the appointment of a receiver, or after the filing of an assignment and before the qualification of the assignee, and the recipient has reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference, the judgment shall be voidable by the receiver or assignee, and the receiver or assignee may recover the property or its value from the recipient.

Sections 128.07(1) and (2), Wis. Stats., were modeled after §§ 60(a) and (b) of the Bankruptcy Act of 1898 which sections were repealed and completely replaced by the passage of the Bankruptcy Code effective in 1978. Since the enactment of Chapter 128 there have been three amendments to § 128.07, none of which incorporated the 1978 legislation or any subsequent action taken by Congress.

With the enactment of the Bankruptcy Reform Act of 1978 and the more recent Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the law on preferences has changed substantially from the 1898 Bankruptcy Act.

Since there is not explicit language in the Bankruptcy Code preempting state laws in insolvency proceedings, the test to be applied is whether it can be inferred from the provisions of the Bankruptcy Code and the surrounding circumstances that preemption should apply. As stated by the Supreme Court:

> Absent explicit pre-emptive language, Congress' intent to supersede state law altogether may be found from a "scheme of federal regulation…so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," because "the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject," or because "the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose."

*Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 203-04, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

The Court has further stated that: "A state is without power to make or enforce any law governing bankruptcies that impairs the obligation of contracts or extends to persons or property outside its jurisdiction or conflicts with the national bankruptcy laws." *International Shoe Co. v. Pinkus*, 278 U.S. 261, 263-264 (1929). The court in *Pacific Gas* stated: "Even where Congress has not entirely displaced state regulation in a specific area, state law is preempted…where it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. at 204. The provisions of Wis. Stat. § 128.07 are an obstacle to and do conflict with Bankruptcy Code and are thus preempted.

The Bankruptcy Clause contained in the U.S. Constitution, Article 1, Section 8, Clause 4, grants Congress the power to make bankruptcy laws and stresses that such laws must be uniform. Title 11 of the United States Code, the Bankruptcy Code, provides a comprehensive system of

rights, obligations and procedures, including a special system of federal courts and United States trustees. *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005), 126 S.Ct. 397, (cert. denied 2005). The Bankruptcy Code does not contain explicit preemptive language and in some cases expressly incorporates state laws regulating the rights and obligations of debtors and creditors including state law exemptions 11 U.S.C. § 522(b)(2), certain avoidance actions Id. § 544(b) and property turnover requirements Id. § 543(d)(2).

There are two main goals of Chapter 7 of the Bankruptcy Code which governs liquidations. The first of these goals for which state statutes are clearly preempted provides for a fresh start of the individual debtor by giving him a discharge of most of his debts. *International Shoe*, 278 U.S. at 265-66; *Pobreslo*, 287 U.S. 518, 525, *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). The second goal is to equitably distribute the debtor's assets in those cases where assets realizable by creditors exist.

"What goes for state discharge provisions also hold true for state statutes that implicate the federal bankruptcy law's other major goal, namely equitable distribution. Bankruptcy law accomplishes equitable distribution through a distinctive form of collective proceeding. This is a unique contribution of the Bankruptcy Code that makes bankruptcy different from a collection of actions by individual creditors." *Sherwood Partners*, 394 Fed.3d 1198.

In the *Pobreslo* case the debtor filed a voluntary assignment for the benefit of creditors under Chapter 128 of the Wisconsin Statutes. One of the creditors of the debtor commenced a garnishment action against the assignee who defended on the ground that the garnishment was void. A judgment in favor of the creditor was reversed by the Wisconsin Supreme Court and was appealed to the United States Supreme Court. The U.S. Supreme Court held that the provisions of Chapter 128 that regulate the administration of trusts do not differ substantially from trusts arising under common law assignments for the benefit of creditors. Those rights

depend upon a contract and the statute merely governs the execution of the assignment unless put aside by the federal Act.

Section 128.07 of the Wisconsin Statutes relating to preferences goes far beyond administering a trust. It provides that the receiver can recover preferences as defined therein which neither the debtor nor any creditor could pursue or recover under state law. Under the trust theory in an assignment made for the benefit of creditors the transfer therein is limited to the debtor's property and on that basis upheld as in harmony with the general object and purposes of the Bankruptcy Act. *Boese v. King*, 108 U.S. 379 (1883). In the instant case the Debtor, Ready Fixtures Company, could not have pursued any preference claims on its own and accordingly could not transfer any such claims to the Assignee.

## BANKRUPTCY CODE PREFERENCES

Section 547(b) of the Bankruptcy Code permits the trustee to avoid certain payments or transfers made to creditors by the debtor within 90 days prior to filing of a bankruptcy. 11 U.S.C. § 547(b). "The purpose of this section is twofold. It is designed to promote equality of distribution among all creditors while simultaneously it deters creditors from 'racing to the courthouse to dismember the debtor during [his] slide into bankruptcy.'" *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 641 (7th Cir. 2003) quoting *Union Bank v. Wolas*, 502 U.S. 151, 161, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991). The recovery of preferences is "designed to further the Bankruptcy Code's central policy of equality of distribution: '(C)reditors of equal priority should receive prorata shares of the debtor's property.'" *Warsco v. Preferred Technical Group*, 258 F.3d 557, 564 (7th Cir. 2001) citing *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

Section 547(b) of the Bankruptcy Code provides for a series of defense exceptions to protect the transferee from the trustee's avoidance powers. These exceptions include payments

made in the ordinary course of business or financial affairs of the debtor or transferee or payments made in the ordinary course of business. 11 U.S.C. § 547(c)(2). Further, the Code protects transferees who extend subsequent new value or make a contemporaneous exchange for new value. 11 U.S.C. § 547(c)(1) and (4). These exceptions were designed by Congress to "leave undisturbed normal commercial and financial relationships and protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business…." *Kleven*, 334 Fed.3rd at 642. Furthermore, the adoption of BAPCPA establishes minimum dollar thresholds for preference actions and requires that small actions (under $5,000) must be brought in the defendant's home district.

Section 128.07, Wisconsin Statutes, fails to provide the same or similar defenses to the transferee and as such does not deter a race to the courthouse or encourage creditors to continue to deal with financially troubled companies. Additionally, the federal venue restrictions do not apply. As such the provisions of § 128.07 of the Wisconsin Statutes are inconsistent with the objectives and purposes Congress had when it created § 547 of the Bankruptcy Code.

<u>BANKRUPTCY CODE PREEMPTS § 128.07</u>

Preemption of § 128.07 is obvious when you compare the rights afforded creditors under § 547(c) but not afforded under § 128.07. Congress in creating a preference law protected creditors who conduct themselves in a certain way in an attempt to save the debtor from liquidation. It provides defenses to preference claims if the payments fit one of the exceptions set forth in § 547(c). However the creditor who complies with the provisions of § 547(c) will still be required to return the payments to a Chapter 128 receiver should the debtor elect to liquidate under the state law and defend all preference claims in a venue selected by the receiver.

Section 547b)(4)(A) of the Bankruptcy Code establishes a preference period of 90 days preceding the filing of the petition. Section 128.07(2) defines the preference period as being "4

months" preceding the date of assignment. It is therefore possible for a creditor to be immune from suit under the federal preference law and yet be liable under Wisconsin law.

Under the Constitution the need for establishment of "uniform laws" on the subject of bankruptcy allows out-of-state creditors, such as the Defendant, to make a risk analysis before granting credit to its customers. In May of 2005 Ready Fixtures Company made an assignment for the benefit of creditors under Wisconsin law and a receiver was appointed pursuant to Chapter 128 of the Wisconsin Statutes. Sixteen months later the Defendant finds itself defending in a Wisconsin court allegations it received preferential payments with none of the defenses or protections it would have had had the matter been filed as a bankruptcy case. Section 128.07, Wis. Stat., clearly conflicts with and is contradictory to the rights, obligations and procedures in 11 U.S.C. § 547 and is at odds with the "whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996).

### THE SHERWOOD PARTNERS DECISION

The 9th Circuit has determined that the California preference statute (CCP § 1800) is preempted by the Bankruptcy Code. Like § 128.07, Wis. Stat., CCP § 1800 grants the assignee the exclusive right to recover preferences. The Court reasoned that one of the essential goals of the federal bankruptcy law, equality of distribution of debtor's assets, is undermined by less stringent procedural protections afforded to creditors in an assignment for the benefit of creditors.

The Court was not persuaded that a preference defendant could protect itself against these procedural infirmities by filing an involuntary petition under the Bankruptcy Code. The Court concluded that state statutes giving assignees avoidance powers which are not available to

individual creditors "trench too close upon the exercise of federal bankruptcy power" and must yield to federal regulation. *Sherwood Partners*, 394 F.3d 1198 (9th Cir. 2005).

## CONCLUSION

Unlike the California preference statute which is by design virtually identical to § 547 of the Bankruptcy Code, the Wisconsin Legislature has not seen fit to amend § 128.07 to match the present Bankruptcy Code provision.  As such it provides none of the protections creditors who continue to deal with financially troubled debtors receive under the federal Act.  Both the Wisconsin and the California preference statutes give the receiver/assignee the right to recover preferences, which right is not available to creditors.  As such both statutes are inconsistent with the federal Bankruptcy Law governing equitable distribution to creditors.

Dated:  January 31, 2007.

          COOK & FRANKE S.C.
          Attorneys for Defendant


          By:      /s/ Lawrence Clancy
                Lawrence Clancy
                State Bar Number:  1007530 WI
                James D. Dawson
                State Bar Number:  1059095 WI
                660 East Mason Street
                Milwaukee, WI   53202-3877
                (414) 271-5900