Document Number Case Number
                                      06-C-0654-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/28/2007 12:53:45 PM CST

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

READY FIXTURES COMPANY,
MICHAEL S. POLSKY, RECEIVER,

               Plaintiff,               Case No. 06-C-654-C

   v.

STEVENS CABINETS, INC. D/B/A
STEVENS INDUSTRIES, INC,

               Defendant.

### DEFENDANTS REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Stevens Cabinets, Inc. ("Stevens") replies to the Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss filed by Michael S. Polsky ("Receiver"), Receiver of Ready Fixtures Company ("Ready").

This case was removed to District Court on the basis of diversity. Recovery of alleged preferential payments by Stevens pursuant to § 128.07, Wisconsin Statutes, is the basis for the claim asserted by the Receiver. The basis for Stevens' Motion to Dismiss is its assertion that § 128.07 of the Wisconsin Statutes is pre-empted by the United States Bankruptcy Code ("Bankruptcy Code"), specifically 11 U.S.C. § 547.

The Receiver has raised the issue of the timeliness of Stevens' Motion to Dismiss under Rule 12(b) due to the fact that Stevens filed an Answer to the Receiver's Complaint in the Washburn County Circuit Court prior to filing this Motion. The First Affirmative Defense contained in the Answer at paragraph 24 raises the federal pre-emption issue. "A strict interpretation of the timing provision's language leads to the conclusion that the district judge

must deny any Rule 12(b) motion made after responsive pleading is interposed as being too late. However, federal courts have allowed untimely motions if the defense has been previously included in the answer."  Wright & Miller, *Federal Practice and Procedure*, Civil 3rd § 1361, page 93.

<u>ARGUMENT</u>

Stevens does not dispute that in general the provisions of Chapter 128, Wisconsin Statutes, relating to voluntary assignments for the benefit of creditors are neither inconsistent nor in conflict with the Bankruptcy Code.  Sections which are regulatory of such voluntary assignments "serve to protect creditors against each other and go to assure equality of distribution unaffected by any requirement or condition in respect of discharge."  *Pobreslo v. Joseph M. Boyd Co.*, 287 U.S. 518 (1933).  However, it is Stevens' position that § 128.07 of the Wisconsin Statutes is inconsistent with and in conflict with the Bankruptcy Code and goes beyond what is considered regulatory of voluntary assignments.

The Wisconsin Supreme Court in *Gelatt v. Dedakis*, 77 Wis.2d 578, 593 (1977), commented as follows:

> "That state receiverships are generally valid (unless and until displaced) does not of course exclude the possibility that the incidents of particular proceedings involving a receivership might raise a conflict with the national Act.  *Cf. Emil v. Hanley*, 318 U.S. 515, 520 (1943).  It is settled in this regard that state statutes providing for the discharge of a debtor, or exacting from creditors a stipulation of discharge as a condition of participating of the distribution of the debtor's assets, are invalid so long as national legislation is in effect.  *International Shoe Co. v. Pinkus*, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929); Voluntary Assignment of *Tarnowski*, 191 Wis. 279, 210 N.W. 836 (1926).  It also appears to be generally conceded that the presence or absence of a discharge provision is not the sole determining criteria.  However, what the additional criteria are or ought to be is a matter of considerable confusion and uncertainty.  Courts and commentators have been led into a variety of efforts to define the essence of bankruptcy legislation, the premise being that state laws which are "tantamount to bankruptcy" are suspended.  The results have not been satisfactory; after a period of near eighty years in which national bankruptcy legislation has been continuously in effect, the doctrinal basis of the distinction sought to be drawn remains unclear."

Both state and federal courts have considered whether an assignment for the benefit of creditors filed under Chapter 128 of the Wisconsin Statutes is invalid as being inconsistent or in conflict with the Bankruptcy Code. The Receiver's Brief cites some of these cases which have held in general that the voluntary portions of the Act excluding those dealing with discharge are not inconsistent with or suspended by operation of the Bankruptcy Code. Receiver's Brief at page 2. However, none of these cases have specifically addressed whether § 128.07 of the Wisconsin Statutes is consistent with and not in conflict with § 547 of the Bankruptcy Code.

In Re *Wisconsin Builders Supply Co.*, 239 F.2d 649 (7th Cir. 1956) dealt with the issue of whether a voluntary state court assignment for the benefit of creditors under Chapter 128 should be enjoined when more than four months have passed before the debtor filed a voluntary petition for relief under the Bankruptcy Code. The court allowed the state court receivership to continue citing *Pobreslo*, supra.

In *Pobreslo* a creditor filed a garnishment action against the assignee arguing that the assignment under Chapter 128 was repugnant to the Bankruptcy Code. The court dismissed the garnishment action stating that "The right to make a voluntary assignment for the benefit of the creditors is a personal right inherent in the ownership of property, and existed at common law independent of statute…." Id. at 263-4. The case had nothing to do with and did not discuss preference claims.

In *Gelatt*, supra, the Wisconsin Supreme Court compared many of the sections of Chapter 128 with the prior Act but did not analyze or even mention § 128.07. None of the cases cited by the Receiver support his contention that controlling precedent exists that binds this Court to uphold § 128.07. Furthermore, the Receiver's Brief at page 5 states that there is "express language in the Code that indicates Congress' intent to allow an assignee's recovery of

a preference under state law, thereby expressly sanctioning it."  Nowhere in the Receiver's Brief does he identify the express language to which he refers.

In *In Re Distillers Factors Corp.*, 187 F.2d 685 (3rd Cir. 1951), the court observed: "[T]he basic impropriety to be avoided in state insolvency legislation is interference with the orderly administration of the Constitutionally authorized Uniform National Bankruptcy Laws. Chapter 128 of the Wisconsin Statutes was enacted in 1937 and was drawn from the provisions of the Bankruptcy Act of 1898.  Specifically §§ 128.07(1) and (2) was modeled after §§ 60(a) and (b) of the Bankruptcy Act of 1898.  There has been no significant change to these provisions since enactment.  The Bankruptcy Act of 1898 was repealed and completely replaced by the passage of the Bankruptcy Code effective in 1978.  With its enactment and more recently the Bankruptcy Abuse, Prevention and Consumer Protection Act of 2005 the law on preferences has changed substantially from the 1898 Bankruptcy Act.  Clearly the Wisconsin law on preferences interferes with the orderly administration of the Uniform National Bankruptcy Laws.  The Wisconsin preference law provides few if any of the defenses that are available to a creditor who received payments from the debtor during the preference period which is 90 days under the Bankruptcy Code and four months under the Wisconsin state law.

The defenses under § 547 of the Bankruptcy Code are intended to encourage creditors to continue to deal with their customers who are attempting to avoid bankruptcy.  In doing so creditors should not have to deal with 50 different sets of state laws dealing with preferences where such laws do not provide for the safeguards included in Bankruptcy Code provisions. Preference recoveries over a period of four months instead of 90 days will result in substantial additional losses to creditors who continue to work with their financially troubled customers.

<u>CONCLUSION</u>

Section 128.07 of the Wisconsin Statutes is inconsistent with and is in conflict with

Section 547 of the Bankruptcy Code.  Courts have already held that the provisions of

Chapter 128 dealing with discharge and involuntary actions are pre-empted by the Bankruptcy

Code.  Likewise § 128.07 should be held pre-empted as well.

Dated:  February 28, 2007.


COOK & FRANKE S.C.
Attorneys for Defendant


By: _____/s/ Lawrence Clancy_____
Lawrence Clancy
State Bar Number:  1007530 WI
James D. Dawson
State Bar Number:  1059095 WI
660 East Mason Street
Milwaukee, WI   53202-3877
(414) 271-5900